THIS DOCUMENT IS <u>NOT</u> IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE <u>CIVLR 5.4</u>
(Rule Number/Section)



# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRENDA LISA BARLOW,

    Defendant.

Case No. 3:22-cr-08092-SMB

    CR-22-8092-PCT-SMB-7

## MOTION TO VACATE JUDGMENT UNDER RULE 60(b)(4) AND RULE 60(d)(3)

Comes now, Defendant Brenda Lisa Barlow, pro se, and respectfully moves this Court to vacate the judgment entered against her on August 1, 2024 (see Dkt. 631)(Exhibit A) pursuant to Fed. R. Civ. P. 60(b)(4) and 60(d)(3), due to structural constitutional violations and fraud on the court.

I. Introduction

Defendant Brenda Lisa Barlow, pro se, respectfully moves this Court to vacate the judgment entered against her pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(d)(3), on the grounds that the judgment is void due to structural due process violations and was procured by fraud on the court.

Rule 60(d)(4) allows relief for "fraud on the court" meaning conduct that defiles the integrity of the judicial process. In re Levander, 180 F.3d 1114 (9th Cir. 1999).

"A judgment is void if the court that rendered it lacked jurisdiction or acted in a manner

inconsistent with due process of law."
— United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)

Brenda Lisa Barlow was sentenced to 36 months in federal prison after pleading guilty to Count 51 of the Third Superseding Indictment — Conspiracy to Tamper with an Official Proceeding. However, she never received the discovery necessary to understand the charges, despite asking the attorney for it. She never had access to the evidence used against her and was sentenced based on dismissed and uncharged conduct.

## II. BACKGROUND AND SENTENCING ERRORS

Brenda Lisa Barlow was not charged with any sex offense. Nevertheless, she was sentenced to conditions including six months to one-year sex offender treatment program and restrictive post-release supervision based on allegations she was never charged with, never convicted of, and never allowed to contest.

## III. CONSTITUTIONAL VIOLATIONS

### A. Due Process and Structural Voidness

"A sentence based on materially false assumptions violates due process."
— United States v. Tucker, 404 U.S. 443 (1972)

Brenda's sentence was based on uncharged conduct, irrelevant PSR narratives, and assumptions unsupported by fact or law. The resulting judgment is structurally void under Rule 60(b)(4).

B. Plea Taken Without Full Discovery

"Suppression by the prosecution of evidence favorable to the accused violates due process."
— Brady v. Maryland, 373 U.S. 83 (1963)

Before entering her plea, Brenda was denied access to discovery even though she was appointed an attorney.  As she states, "He came a few times to see me when I was incarcerated, and I asked about the discovery, but nothing was done about getting it to me. Although the attorney and the private investigator had the discovery not much was ever mentioned or shown to me." The government produced additional materials on a hard drive to her attorney but placed those materials under Protective Order #36 (Exhibit B) which was later amended (Dkt. 192)(Exhibit C) to include Brenda after her arrest, to use it to deny her discovery.

Brenda's attorney later confirmed in writing (Exhibit D) that she was not allowed to view any of the discovery besides some select items he thought was relevant to her, even though she is the defendant in her own case.

The government has a constitutional duty to disclose exculpatory material. Brady obligations override protective orders. When a protective order prevents a pro se defendant from accessing evidence relevant to their plea or sentence, it violates due process.

Furthermore, Brenda is proceeding pro se. The government's position — that certain discoveries could only be reviewed by counsel — created a legal trap: Brenda cannot receive the evidence herself and has no attorney who can legally review it on her behalf. This is unconstitutional. The government cannot withhold critical evidence from a pro se defendant simply because the protective order was drafted with represented parties in mind.

C. Judicial Bias and Conflict

"A fair trial in a fair tribunal is a basic requirement of due process."

— In re Murchison, 349 U.S. 133 (1955)

The same judge presided over Brenda's case and that of co-defendant Samuel Rappylee Bateman, exposing the court to extraneous, prejudicial evidence that influenced sentencing. This violated Brenda's right to a neutral tribunal and due process under 28 U.S.C. § 455(a).

## D. Religious Profiling

"Targeting religious belief in law enforcement violates the Free Exercise Clause."
— Church of the Lukumi Babalu Aye v. Hialeah, 508 U.S. 520 (1993)

Brenda's FLDS religious affiliation and ceremonial role as a "spiritual wife" were cited repeatedly in her Presentence Report and sentencing materials. These beliefs were not criminal, but they were treated as aggravating factors. This violated her rights under the First Amendment and Executive Order 13798. (Exhibit E)

## E. Improper Use of Overruled PSR Objections

At sentencing, Brenda's defense attorney objected to multiple PSR enhancements — including foreseeability of sexual conduct and guideline levels tied to child exploitation. The Court specifically overruled those objections. However, the government and the Court continued to rely on those same rejected allegations to justify the imposition of sex offender conditions. This constitutes an unconstitutional sentencing error.

The government could not prove those allegations by a preponderance of the evidence yet still relied on them. A court may not impose enhanced punishment based on unsupported and overruled PSR content. Doing so deprived Brenda of a fair sentencing and supports relief under Rule 60(b)(4).

IV. CONTRADICTION BETWEEN JUDGMENT AND STATE CLASSIFICATION

Brenda was sentenced to sex offender treatment even though her conviction is not registerable under state law. The Nevada Department of Public Safety (Exhibit F) confirms this. The sentencing transcript is redacted and sealed (Dkt. 926) (Exhibit G). This obstructs Brenda's ability to review what influenced her sentence. Under Rule 32 of the Federal Rules of Criminal Procedure it gives the defendant the right to review the sentencing record, thereby violating my due process rights.

V. PLEA NOT VOLUNTARY UNDER BOYKIN

Brenda's plea was entered without full discovery, while under religious and institutional pressure, and without informed legal access.

→ Under Boykin v. Alabama, 395 U.S. 238 (1969), a plea must be voluntary, knowing, and intelligent. Brenda's plea fails this standard.

VI. RULE 60 RELIEF NOT WAIVED

The plea agreement does not waive Rule 60 rights, and courts have recognized that Rule 60(b) motions are not barred even where § 2255 rights are waived.

→ See Gonzalez v. Crosby, 545 U.S. 524 (2005).

## VII. FRAUD ON THE COURT UNDER RULE 60(d)(3)

"Fraud on the court is conduct that corrupts the judicial process itself."
— In re Levander, 180 F.3d 1114 (9th Cir. 1999)

The government:
- Withheld discovery under seal,
- Introduced inflammatory PSR content tied to co-defendants,
- Relied on religious identity as an aggravator,
- Denied discovery to a pro se defendant,
- And enforced Protective Order #36 now amended (Dkt.192) (Exhibit C) in a way that prevented Brenda from defending herself.

This undermined the integrity of the process and the resulting judgment is void.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Defendant Brenda Lisa Barlow respectfully prays that this Court:

1. VACATE the judgment and sentence in full;

2. DISMISS all post-release supervision, registry, and restitution orders;

3. UNSEAL all sentencing materials and discovery affecting Brenda's plea;

4. GRANT any further relief the Court deems just and proper.

Respectfully submitted,

*Brenda L. Barlow*     7-14-25

Brenda Lisa Barlow

Pro Se Defendant

Register No. 60793-510

PO Box 2183

Colorado City, AZ 86021

**EXHIBIT INDEX (for Rule 60(b)(4) and 60(d)(3) Motion)**

Exhibit A – – Sentencing Judgment and Commitment (Dkt. 631)

Exhibit B – Protective Order #36 (Dkt. 36)

Exhibit C – Amended Protective Order (Dkt. 192)

Exhibit D – Letter from Attorney Bernard re: Discovery Withholding

Exhibit E – Executive Order 13798

Exhibit F – Letter from Nevada Department of Public Safety

Exhibit G – Transcript Order/Redaction Restriction on Sentencing (Dkt. 926)

*Exhibit A* Case 3:12-cr-08092-SMB Document 1030 Filed 07/18/25 Page 9 of 21
*Sentencing Judgement and Commitment (DKT. 631)*

Case 3:22-cr-08092-SMB    Document 631    Filed 08/01/24    Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**United States of America**

v.

**Brenda Lisa Barlow**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**No. CR-22-08092-007-PCT-SMB**

Gillmore Birch Bernard. (CJA)
Attorney for Defendant

USM#: 60793-510

**THE DEFENDANT ENTERED A PLEA OF** guilty on February 28, 2024 to Count 51 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1512(k), Conspiracy to Commit Tampering with an Official Proceeding, a Class C Felony offense, as charged in Count 51 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **THIRTY-SIX (36) MONTHS**. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY-SIX (36) MONTHS.**

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States as to this defendant only.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00    **FINE:** WAIVED    **RESTITUTION:** N/A

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay a special assessment of $100.00 which shall be due immediately.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 51 of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

CR-22-08092-007-PCT-SMB                                                    Page 2 of 5
USA vs. Brenda Lisa Barlow

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1)    You must not commit another federal, state or local crime.
2)    You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3)    You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court. (Suspended by the Court)

## STANDARD CONDITIONS

1)    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)    You must answer truthfully the questions asked by your probation officer.
5)    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6)    You must allow the probation officer to visit you at any time at your home or elsewhere, and you

CR-22-08092-007-PCT-SMB                                                     Page 3 of 5
USA vs. Brenda Lisa Barlow

must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7)    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8)    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9)    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10)   You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11)   You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12)   If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13)   You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1)    You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2)    You must enroll in a General Educational Development (GED) Program to obtain a high school equivalency diploma.

3)    You must not contact the following victim(s), Jane Does 1 through 11, and the probation officer will verify compliance.

CR-22-08092-007-PCT-SMB                                                          Page 4 of 5
USA vs. Brenda Lisa Barlow

4)      You must cooperate in the collection of DNA as directed by the probation officer.

5)      You must attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You must abide by the policies and procedures of all the treatment and evaluation providers. You must contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

6)      You must not have contact with co-defendant Samuel Bateman, and the probation officer will verify compliance.

7)      You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Wednesday, July 31, 2024.**

     Dated this 1st day of August, 2024.


_____
Honorable Susan M. Brnovich
United States District Judge

CR-22-08092-007-PCT-SMB                                                                  Page 5 of 5
USA vs. Brenda Lisa Barlow

**RETURN**

I have executed this Judgment as follows: _____

_____ , the institution

defendant delivered on _____ to _____ at _____

designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____          By:     _____
United States Marshal                                                             Deputy Marshal

CR-22-08092-007-PCT-SMB- Barlow        7/31/2024

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8
9    United States of America,                    No. CR-22-08092-PCT-DGC
10                    Plaintiff,                   **PROTECTIVE ORDER**
11    v.
12    Samuel Rappylee Bateman, et al,
13                    Defendants.
14

15        Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States' motion,
16   no objection from the defendants, and good cause appearing,
17        **IT IS HEREBY ORDERED** that the United States' Unopposed Amended Motion
18   for a Protective Order (Doc. 35) is GRANTED.
19        **IT IS FURTHER ORDERED** that:
20        1. The United States may disclose to defense counsel, without redaction, the
21   discovery materials, which include private and personally identifying information
22   (collectively "PII").
23        2. Defense counsel may share these materials with members of the defense teams,
24   including experts, investigators, and other professionals retained by the defendants or
25   defense counsel to assist in the preparation of the defenses.
26        3. The defense teams shall safeguard and shall not disclose the materials provided
27   to them, other than to the extent necessary to prepare the defenses.
28   ///

4. The defense teams may review these materials with the defendants and potential witnesses to the extent necessary to prepare the defenses.

5. The defendants and potential witnesses shall not be allowed to retain any of these materials during the course of the litigation.

6. The defense teams shall destroy, at the conclusion of this matter, all of these discovery materials in its possession, except that defense counsel shall be allowed to retain these materials until the time expires for all appeals, collateral attacks, other writs or motions challenging the conviction or sentence, and actions for professional malpractice.

No excludable delay shall occur from the entry of this Order.

Dated this 30th day of December, 2022.

David G. Campbell
Senior United States District Judge

- 2 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08092-PCT-SMB |
| Plaintiff, | |
| vs. | **ORDER** |
| Samuel Rappylee Bateman, et al. | |
| Defendants. | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States' motion, and good cause appearing,

**IT IS HEREBY ORDERED** that the Government's Motion to Amend Protective Order is GRANTED.

**IT IS FURTHER ORDERED** that the December 30, 2022 Protective Order (Doc. 36) is amended to apply to all defendants charged in this case.

No excludable delay shall occur from the entry of this Order.

Dated this 6th day of July, 2023.

Honorable Susan M. Brnovich
United States District Judge

Outlook

---

## Re: Request for discovery

---

**From** Gill Bernard <gill@bernardlawaz.com>
**Date** Thu 7/3/2025 1:38 PM
**To** Brenda <bbsuccess2025@gmail.com>

📎 1 attachment (98 KB)
Protective Order #36.pdf;

Good afternoon, Brenda,

I have sent you all the discovery materials in your file that I am permitted to share. The Government has provided me with a hard drive containing additional discovery related to your co-defendants. However, this material is subject to a court-ordered protective order, which prohibits me from disclosing it to you.

For your reference, I've attached a copy of that protective order to this email.

Aside from the contents of that hard drive, you now have everything in my possession that I am legally able to provide.

Please let me know if you have any questions.

Gill Bernard
www.Bernardlawaz.com


BERNARD
LAW
OFFICE
Reliable. Efficient. Aggressive.

---

**From:** Brenda <bbsuccess2025@gmail.com>
**Date:** Wednesday, July 2, 2025 at 6:54 AM
**To:** Gill Bernard <gill@bernardlawaz.com>
**Subject:** Request for discovery

Hello, this is Brenda Barlow. I am requesting a 48 hour notice for the rest of the discovery for my case which was mentioned in a phone call between us. The cd's and hard-drives were mentioned through email that it was sent to you multiple times through fedex. You mentioned through a phone call that you have them in archives. I need to know asap and get those sent to me right away! Thank you for your understanding.
Sent from my iPhone

# Executive Order No 13798

## Promoting Free Speech and Religious Liberty

### May 4, 2017

Ex. Ord. No. 13798, May 4, 2017, 82 F.R. 21675, provided: By the authority vested in me as President by the Constitution and the laws of the United States of America, in order to guide the executive branch in formulating and implementing policies with implications for the religious liberty of persons and organizations in America, and to further compliance with the Constitution and with applicable statutes and Presidential Directives, it is hereby ordered as follows:

Section 1. *Policy.* It shall be the policy of the executive branch to vigorously enforce Federal law's robust protections for religious freedom. The Founders envisioned a Nation in which religious voices and views were integral to a vibrant public square, and in which religious people and institutions were free to practice their faith without fear of discrimination or retaliation by the Federal Government. For that reason, the United States Constitution enshrines and protects the fundamental right to religious liberty as Americans' first freedom. Federal law protects the freedom of Americans and their organizations to exercise religion and participate fully in civic life without undue interference by the Federal Government. The executive branch will honor and enforce those protections.

Sec. 2. *Respecting Religious and Political Speech.* All executive departments and agencies (agencies) shall, to the greatest extent practicable and to the extent permitted by law, respect and protect the freedom of persons and organizations to engage in religious and political speech. In particular, the Secretary of the Treasury shall ensure, to the extent permitted by law, that the Department of the Treasury does not take any adverse action against any individual, house of worship, or other religious organization on the basis that such individual or organization speaks or has spoken about moral or political issues from a religious perspective, where speech of similar character has, consistent with law, not ordinarily been treated as participation or intervention in a political campaign on behalf of (or in opposition to) a candidate for public office by the Department of the Treasury. As used in this section, the term "adverse action" means the imposition of any tax or tax penalty; the delay or denial of tax-exempt status; the disallowance of tax deductions for contributions made to entities exempted from taxation under section 501(c)(3) of title 26, United States Code; or any other action that makes unavailable or denies any tax deduction, exemption, credit, or benefit.

1

Sec. 3. *Conscience Protections with Respect to Preventive-Care Mandate.* The Secretary of the Treasury, the Secretary of Labor, and the Secretary of Health and Human Services shall consider issuing amended regulations, consistent with applicable law, to address conscience-based objections to the preventive-care mandate promulgated under section 300gg–13(a)(4) of title 42, United States Code.

Sec. 4. *Religious Liberty Guidance.* In order to guide all agencies in complying with relevant Federal law, the Attorney General shall, as appropriate, issue guidance interpreting religious liberty protections in Federal law.

Sec. 5. *Severability.* If any provision of this order, or the application of any provision to any individual or circumstance, is held to be invalid, the remainder of this order and the application of its other provisions to any other individuals or circumstances shall not be affected thereby.

Sec. 6. *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

**Donald J. Trump**

2



**Joe Lombardo**
*Governor*

**George Togliatti**
*Director*

**Sheri Brueggemann**
*Deputy Director*

**Erica Souza-Llamas**
*Division Administrator*

Records, Communications and Compliance Division
333 West Nye Lane, Suite 100
Carson City, Nevada 89706
Telephone (775) 684-6262 – Fax (775) 687-3237
sorhelp@dps.state.nv.us

March 20, 2025

BRENDA LISA BARLOW
2901 S SAMMY DAVIS JR DR
LAS VEGAS NV 89109

Offender ID: 40512

Initial Registration Date: 03/14/2025

Registrant:

We are in receipt of your Sex Offender Registration dated **DATE** Records indicate that your **Arizona Federal** conviction of **Conspiracy to Commit Tampering w/Official Proceeding (Felony)** is not registerable in Nevada.

Therefore, you are not required to register as a sex offender and this agency will be closing your record of registration.

This does not relieve you from other registration requirements you may be subject to as mandated by NRS 179C.100

If you have any questions, you may contact the Sex Offender Registration Unit at (775) 684-6262 Option 1.

Sincerely,
Case Investigator **DC/#15440**
Nevada Sex Offender Registry

cc:
file
Las Vegas Police Department – SCOPE: 8812453    DOB: 07/26/1996

Capitol Police • Office of Criminal Justice Assistance • Emergency Management/Homeland Security • State Fire Marshal •
Records, Communications and Compliance • Highway Patrol • Investigations • Parole and Probation •
Office of Professional Responsibility • Office of Traffic Safety • Training • Board of Parole Commissioners •
Emergency Response Commission

**You do not have access to this transcript.**

**\*REDACTED VERSION FILED AT DOC.** 991 **; TRANSCRIPT DOCUMENT RESTRICTIONS WILL NOT BE LIFTED/RELEASED FOR THIS VERSION\*** - NOTICE OF FILING OF OFFICIAL TRANSCRIPT of SENTENCING proceedings as to (D7)Brenda Lisa Barlow held on 07/31/2024, before Judge SUSAN M. BRNOVICH re 890 Notice of Appeal by (D6)LaDell Jay Bistline, Jr. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone number (602) 322-7248]. The ordering party receives the transcript directly from the Court Reporter. Therefore, transcripts should not be viewed through Pacer. A non-ordering party may view a transcript at the court's public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through Pacer. Redaction Request due 5/8/2025. Redacted Transcript Deadline set for 5/19/2025. Release of Transcript Restriction set for 7/16/2025. (RAP) \*Modified to notate tha t document restrictions will not be lifted, when release date becomes eligible, on 5/29/2025 (RAP).